UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| In re:<br><br>FREDDIE J. KEYES<br><br>                          Debtor(s). | Case No. 14-18771 TWD<br><br>CHAPTER 13 PLAN<br><br>__Original  X  Amended<br><br>Date:  January 27, 2015 |
|---|---|

**I.  Introduction:**
A. Debtor is eligible for a discharge under 11 USC § 1328(f) (check one):
 X    Yes
_____ No
B.  Means Test Result.  Debtor is (check one):
_____ a below median income debtor with a 36 month applicable commitment period
 X    an above median income debtor with a 60 month applicable commitment period

**II. Plan Payments:**
No later than 30 days after the filing of the plan or the order for relief, whichever date is earlier, the debtor will commence making payments to the Trustee as follows:
   A. AMOUNT: $ 185.00
   B. FREQUENCY (check one):
   ___Monthly
   ___Twice per month
    X  Every two weeks
   ___Weekly
   C. TAX REFUNDS: Debtor (check one):  __COMMITS;  _*_ DOES NOT COMMIT; all tax refunds to funding the plan. Committed refunds shall be paid in addition to the plan payment stated above. If no selection is made, tax refunds are committed.
   D. PAYMENTS: Plan payments shall be deducted from the debtor's wages unless otherwise agreed to by the Trustee or ordered by the Court.
   E. OTHER: _____

**III. Plan Duration:**
  The plan's length shall not be less than the debtor's applicable commitment period as defined under 11 U.S.C. §§ 1322(d) and 1325(b)(4) unless the plan either provides for payment in full of allowed unsecured claims over a shorter period or is modified post-confirmation.  A below median debtor's plan length shall automatically be extended up to 60 months after the first payment is due if necessary to complete the plan.

**IV. Distribution of Plan Payments:**
Upon confirmation, the Trustee shall disburse funds received in the following order and creditors shall apply them accordingly, PROVIDED THAT disbursements for domestic support obligations and federal taxes shall be applied according to applicable non-bankruptcy law:
   A. ADMINISTRATIVE EXPENSES:
      1. Trustee. The percentage set pursuant to 28 USC §586(e).
      2. Other administrative expenses. As allowed pursuant to 11 USC §§ 507(a)(2) or 707(b).
      3. Attorney's Fees: Pre-confirmation attorney fees and/or costs and expenses are estimated to be $ 3,500.00.  $690.00  was paid prior to filing.  To the extent pre-confirmation fees and/or costs and expenses exceed $3,500, an appropriate application, including a complete breakdown of time and costs, shall be filed with the Court within 21 days after confirmation.
      Approved attorney compensation shall be paid as follows (check one):
         a.  X   Prior to all creditors;
         b. ____ Monthly payments of $_____;
         c ____ All remaining funds available after designated monthly payments to the following creditors:_____.

[Local Bankruptcy Form 13-4, eff. 12/14~~1~~]

   d. ____ Other: _____.
  If no selection is made, fees will be paid after monthly payments specified in Sections IV.B and IV.C.

 B.  CURRENT DOMESTIC SUPPORT OBLIGATION: Payments to creditors whose claims are filed and allowed pursuant to 11 USC § 502(a) or court order as follows (if left blank, no payments shall be made by the Trustee):

| **Creditor** | **Monthly amount** |
|---|---|
| _None_____ | $_____ |
| _____ | $_____ |

 C.  SECURED CLAIMS: Payments will be made to creditors whose claims are filed and allowed pursuant to 11 USC § 502(a) or court order, as stated below. Unless ranked otherwise, payments to creditors will be disbursed at the same level. Secured creditors shall retain their liens until the payment of the underlying debt, determined under nonbankruptcy law, or discharge under 11 USC § 1328, as appropriate. Secured creditors, other than creditors holding long term obligations secured only by a security interest in real property that is the debtor's principal residence, will be paid the principal amount of their claim or the value of their collateral, whichever is less, plus per annum uncompounded interest on that amount from the petition filing date.

Interest rate and monthly payment in the plan control unless a creditor timely files an objection to confirmation. If a creditor timely files a proof of claim for an interest rate lower than that proposed in the plan, the claim shall be paid at the lower rate. Value of collateral stated in the proof of claim controls unless otherwise ordered following timely objection to claim. The unsecured portion of any claim shall be paid as a nonpriority unsecured claim unless entitled to priority by law.

**Only creditors holding allowed secured claims specified below will receive payment from the Trustee.** If the interest rate is left blank, the applicable interest rate shall be 12%. If overall plan payments are sufficient, the Trustee may increase or decrease post-petition installments for ongoing mortgage payments, homeowner's dues and/or real property tax holding accounts based on changes in interest rates, escrow amounts, dues and/or property taxes.

  1. Continuing Payments on Claims Secured Only by Security Interest in Debtor's Principal Residence and Non-Escrowed Postpetition Property Tax Holding Account (Interest included in payments at contract rate, if applicable):

| **Rank** | **Creditor** | **Nature of Debt** | **Property** | **Monthly Payment** |
|---|---|---|---|---|
| ____ | _None_____ | _____ | _____ | $_____ |
| ____ | _____ | _____ | _____ | $_____ |
| ____ | _____ | _____ | _____ | $_____ |

  2. Continuing Payments and Non-Escrowed Postpetition Property Tax Holding Account on Claims Secured by Other Real Property (Per annum interest as set forth below):

| **Rank** | **Creditor** | **Nature of Debt** | **Property** | **Monthly Payment** | **Interest Rate** |
|---|---|---|---|---|---|
| ____ | _None___ | _____ | _____ | _____ | ___% |
| ____ | _____ | _____ | _____ | _____ | ___% |
| ____ | _____ | _____ | _____ | _____ | ___% |
| ____ | _____ | _____ | _____ | _____ | ___% |

  3. Cure Payments on Mortgage/Deed of Trust/Property Tax/Homeowner's Dues Arrearage:

| **Rank** | **Periodic Payment** | **Creditor** | **Property** | **Arrears to be Cured** | **Interest Rate** |
|---|---|---|---|---|---|
| ____ | $_____ | _None_____ | _____ | $_____ | ___% |
| ____ | $_____ | _____ | _____ | $_____ | ___% |
| ____ | $_____ | _____ | _____ | $_____ | ___% |
| ____ | $_____ | _____ | _____ | $_____ | ___% |

[Local Bankruptcy Form 13-4, eff. 12/14~~1~~]

4. Payments on Claims Secured by Personal Property:

   a. **910 Collateral**.

The Trustee shall pay the contract balance as stated in the allowed proof of claim for a purchase-money security interest in any motor vehicle acquired for the personal use of the debtor(s) **within 910 days** preceding the filing date of the petition or in other personal property acquired within **one year** preceding the filing date of the petition as follows. Debtor stipulates that pre-confirmation adequate protection payments shall be paid by the Trustee as specified upon the creditor filing a proof of claim. If no amount is specified, the Trustee shall pay the amount stated as the "Equal Periodic Payment".

| Rank | Equal Periodic Payment | Creditor | Description of Collateral | Pre-Confirmation Adequate Protection Payment | Interest Rate |
|---|---|---|---|---|---|
| ____ | $_____ | None_____ | _____ | $_____ | ___% |
| ____ | $_____ | _____ | _____ | $_____ | ___% |
| ____ | $_____ | _____ | _____ | $_____ | ___% |
| ____ | $_____ | _____ | _____ | $_____ | ___% |

   b. **Non-910 Collateral**.

The Trustee shall pay the value of collateral stated in the proof of claim, unless otherwise ordered following timely objection to the claim, for a purchase-money security interest in personal property which is non-910 collateral. Debtor stipulates that pre-confirmation adequate protection payments shall be paid by the Trustee as specified upon the creditor filing a proof of claim. If no amount is specified, the Trustee shall pay the amount stated as the "Equal Periodic Payment".

| Rank | Equal Periodic Payment | Creditor | Debtor(s) Value of Collateral | Description of Collateral | Pre-Confirmation Adeq. Protection Payment | Interest Rate |
|---|---|---|---|---|---|---|
| ____ | $_____ | None_____ | $_____ | _____ | $_____ | ___% |
| ____ | $_____ | _____ | $_____ | _____ | $_____ | ___% |
| ____ | $_____ | _____ | $_____ | _____ | $_____ | ___% |
| ____ | $_____ | _____ | $_____ | _____ | $_____ | ___% |

   D. PRIORITY CLAIMS: Payment in full, on a pro rata basis, of filed and allowed claims entitled to priority in the order stated in 11 USC § 507(a).

   E. NONPRIORITY UNSECURED CLAIMS: From the balance remaining after the above payments, the Trustee shall pay filed and allowed nonpriority unsecured claims as follows:

   1. Specially Classified Nonpriority Unsecured Claims. The Trustee shall pay the following claims prior to other nonpriority unsecured claims as follows:

| Rank | Creditor | Amount of Claim | Percentage To be Paid | Reason for Special Classification |
|---|---|---|---|---|
| ____ | _____ | $_____ | _____% | _____ |
| ____ | _____ | $_____ | _____% | _____ |

   2. Other Nonpriority Unsecured Claims (check one):
      a. __X__ 100% paid to allowed nonpriority unsecured claims. **OR**
      b. ____ Debtor shall pay at least $ _____ to allowed nonpriority unsecured claims over the term of the plan. Debtor estimates that such creditors will receive approximately _____ % of their allowed claims.

**V. Secured Property Surrendered**:

The secured property described below will be surrendered to the following named creditors on confirmation. Upon confirmation, all creditors (including successors and assigns) to which the debtor is surrendering property pursuant to this section are granted relief from the automatic stay to enforce their security interest against the property including taking possession and sale.

**Creditor**                                                      **Property to be Surrendered**

[Local Bankruptcy Form 13-4, eff. 12/14~~1~~]

**VI. Executory Contracts and Leases**:

The debtor will assume or reject executory nonresidential contracts or unexpired leases as noted below. Assumption will be by separate motion and order, and any cure and/or continuing payments will be paid directly by the debtor under Section VII, unless otherwise specified in Section XII with language designating that payments will be made by the Trustee, the amount and frequency of the payments, the ranking level for such payments with regard to other creditors, the length of the term for continuing payments and the interest rate, if any, for cure payments. Any executory contract or unexpired lease not assumed pursuant to 11 USC § 365(d) is rejected. If rejected, the debtor shall surrender any collateral or leased property and any duly filed and allowed unsecured claim for damages shall be paid under Section IV.E.2.

| **Contract/Lease** | **Assumed or Rejected** |
|---|---|
| | |

**VII.  Payments to be made by Debtor and not by the Trustee:**

The following claims shall be paid directly by the debtor according to the terms of the contract or support or withholding order, and shall receive no payments from the Trustee. (Payment stated shall not bind any party.)

   A. DOMESTIC SUPPORT OBLIGATIONS: The claims of the following creditors owed domestic support obligations shall be paid directly by the debtor as follows:

| **Creditor** | **Current Monthly Support Obligation** | **Monthly Arrearage Payment** |
|---|---|---|
| _____ | $_____ | $_____ |
| _____ | $_____ | $_____ |
| _____ | $_____ | $_____ |

   B. OTHER DIRECT PAYMENTS:

| **Creditor** | **Nature of Debt** | **Amount of Claim** | **Monthly Payment** |
|---|---|---|---|
| Federal Loan Servicing | Student loan | $ 13,123.00 | $ 169.00 |
| Sallie Mae | Student loan | $ 9,888.00 | $ 149.00 |
| _____ | _____ | $_____ | $_____ |

**VIII.  Property of the Estate**

Property of the estate is defined in 11 USC § 1306(a).  Unless otherwise ordered by the Court, property of the estate in possession of the debtor on the petition date shall vest in the debtor upon confirmation.  However, the debtor shall not lease, sell, encumber, transfer or otherwise dispose of any interest in real property or personal property without the Court's prior approval, except that the debtor may dispose of unencumbered personal property with a value of $10,000.00 or less without the Court's approval.   Property (including, but not limited to, bonuses, inheritances, tax refunds or any claim) acquired by the debtor post-petition shall vest in the Trustee and be property of the estate.  The debtor shall promptly notify the Trustee if the debtor becomes entitled to receive a distribution of money or other property (including, but not limited to, bonuses, inheritances, tax refunds or any claim) whose value exceeds $2,500.00, unless the plan elsewhere specifically provides for the debtor to retain the money or property.

**IX. Liquidation Analysis Pursuant to 11 USC § 1325(a)(4)**

The liquidation value of the estate is $17,012.48  .  In order to obtain a discharge, the debtor must pay the liquidation value or the total of allowed priority and nonpriority unsecured claims, whichever is less.  Under 11 USC §§ 1325(a)(4) and 726(a)(5), interest on allowed unsecured claims under Section IV.D and IV.E shall be paid at the rate of   0   % per annum from the petition filing date (no interest shall be paid if left blank).

**X.  Other Plan Provisions:**
   A. No funds shall be paid to nonpriority unsecured creditors until all secured, administrative and priority unsecured creditors are paid in full, provided that no claim shall be paid before it is due.
   B. Secured creditors shall not assess any late charges, provided payments from the plan to the secured creditor are current, subject to the creditor's rights under state law if the case is dismissed.
   C. The holder of a secured claim shall file and serve on the Trustee, debtor and debtor's counsel  a notice itemizing all fees, expenses or charges (1) that were incurred in connection with the claim after the bankruptcy case was filed , and (2) that the holder asserts are recoverable against the debtor or the

debtor's principal residence. The notice shall be served within 180 days after the date on which the fees, expenses or charges are incurred, per Fed. R. Bankr. P. 3002.1(c).

D.  Mortgage creditors shall file and serve on the Trustee, debtor and debtor's counsel a notice of any change in the regular monthly payment amount, including any change that results from an interest rate or escrow adjustment, no later than 21 days before a payment in the new amount is due, per Fed. R. Bankr. P. 3002.1(b).

E.  Provision by secured creditors or their agents or attorneys of any of the notices, statements or other information provided in this section shall not be a violation of the 11 USC § 362 automatic stay or of privacy laws.

**XI. Certification**:

A.  The debtor certifies that all post-petition Domestic Support Obligations have been paid in full on the date of this plan and will be paid in full at the time of the confirmation hearing. Debtor acknowledges that timely payment of such post-petition Domestic Support Obligations is a condition of plan confirmation pursuant to 11 USC § 1325(a)(8).

B.  By signing this plan, the debtor and counsel representing the debtor certify that this plan does not alter the provisions of Local Bankruptcy Form 13-4, except as provided in Section XII below. Any revisions to the form plan not set forth in Section XII shall not be effective.

**XII.    Additional Case-Specific Provisions**: (must be separately numbered)

| /s/ Kevin J. Magorien | /s/ Freddie J. Keyes | 6788 | 01/27/2015 |
|---|---|---|---|
| Attorney for Debtor(s) | DEBTOR | Last 4 digits SS# | Date |

| 01/27/2015 | | | |
|---|---|---|---|
| Date | DEBTOR | Last 4 digits SS# | Date |

[Local Bankruptcy Form 13-4, eff. 12/14~~1~~]